**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

NICHOL OKVATH                                                                                              PLAINTIFF

v.                                               4:22-cv-00812-BRW-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Nichol Okvath, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.  This matter comes by way of a previous remand upon motion by the Commissioner.  (Tr. 1306-7.)  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997);

*see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is relatively young. She was forty-three years old at the time of the administrative hearing. (Tr. 1183.) She attended college for three years, (*id.*) and has past relevant work as a cake decorator and convenience store salesclerk. (Tr. 1165-66.)

The ALJ[11] found Ms. Okvath had not engaged in substantial gainful activity since March 13, 2018 - the application date. (Tr. 1142.) She has "severe" impairments in the form of "degenerative disc disease, bursitis of the hip, fibromyalgia, gastroparesis, allergies, asthma, headaches, obesity, adjustment disorder with depressed mood, and anxiety disorder." (Tr. 1143.) The ALJ further found Ms. Okvath did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[22] (Tr.

---

[11]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
[22]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

1143-1146.)

The ALJ determined Ms. Okvath had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her physical and mental impairments. (Tr. 1146.) Based on the RFC assessment, the ALJ determined Plaintiff could no longer perform her past relevant work. (Tr. 1165-66.) So, he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 1220-1229), the ALJ determined she could perform the jobs of addressor and table worker/product inspector. (Tr. 1166.) Accordingly, the ALJ determined Ms. Okvath was not disabled. (Tr. 1167.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1136-1138.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of this Complaint, Plaintiff's counsel assails the ALJ and the vocational expert (VE) claiming the judge pressured the VE to change her testimony, that the VE lied on the stand, and the ALJ suborned perjury. After careful review of the evidence in this case, I find counsel's arguments are wholly baseless and not well taken.

First, after careful review of the transcript, some basic courtroom etiquette likely could have resolved any perceived conflict. The VE was testifying remotely which generally creates a level of difficulty for a witness in a hearing. But the transcript is even more difficult to follow because counsel was talking over the witness and not allowing her time to fully answer the questions. (Tr. 1225-1228.) Second, while the ALJ's follow-up questioning of the VE became confusing, (Tr. 1223), there is simply *no support* for counsel's assertion that the ALJ pressured the VE to change her testimony. The VE's testimony is clear on both the reasoning levels and

specific vocational preparation for the jobs she identified. (Tr. 1221.) She stated: 1) all three jobs are Specific Vocational Preparation 2; the jobs of addresser and table worker/product inspector are reasoning level 2; and that the job of document preparer is level 3. (*Id.*) And the VE's testimony is accurate according to the Dictionary of Occupational Titles. *Dictionary of Occupational Titles* 209.587-010; 249.587-018; 739.687-182 (4th ed. Rev. 1991). In accordance with the RFC assessment, the VE's testimony constituted substantial evidence for the ALJ to rely upon and conclude Plaintiff could perform the jobs of addresser and table worker/product inspector.

Plaintiff has also submitted an exhibit purporting to show the VE's testimony is inaccurate as to the numbers of jobs in the national economy. (Doc. No. 11-1.) This may raise a question about the VE's testimony about the number of jobs available in the national economy – for the ALJ. This is *not* evidence before this court, and I will not consider it outside of the administrative record. It is significant that counsel requested and received additional time to provide "rebuttal evidence." (Tr. 1229-30.) While counsel was not granted the fourteen days she requested, she was given three days to supplement the record with rebuttal evidence. (1230.) I find nothing in the record regarding any rebuttal. So, counsel had ample opportunity to submit Exhibit A as evidence and chose not to – making this information extraneous.

I realize counsel is advocating for her client, but these types of vitriolic accusations are uncivil and provide no benefit to the client. There is an adage that says, "You catch more flies with honey than vinegar." It originates from Poor Richard's Almanac that says, "Tart Words make no Friends: a spoonful of honey will catch more flies than Gallon of Vinegar." *Poor Richard, 1744. An Almanack For the Year of Christ 1744,...* By Richard Saunders, Philom. Philadelphia: Printed and sold by B. Franklin (Yale University Library). I offer these words by

Benjamin Franklin to encourage counsel to rethink her approach to advocacy - especially in these non-adversarial proceedings.  20 U.S.C. § 416.1400(b).

Plaintiff also argues that the ALJ incorrectly discounted the opinions of her treating physician, Teresa Jeffers, M.D.  (Doc. No. 11 at 19-23.)  Dr. Jeffers provided a Medical Source Statement - Physical, (Tr. 1055-1057), and, if fully credited, her opinion would likely mean that Plaintiff is disabled.  The ALJ, however, did not find her opinion persuasive.  The ALJ stated:

> The undersigned finds this opinion unpersuasive. First, the medical opinion consists of a series of checked boxes on a form. There is little to no explanation of how the decision was arrived at. There does not appear to be any corresponding objective testing that went along with this assessment. In essence, Dr. Jeffers does not explain her medical opinion. Secondly, Dr. Jeffers is an allergist, and has seen and treated the claimant for persistent allergies and asthma. Third, the undersigned also notes that the claimant acknowledged that she assisted the provider in the completion of this form and had a conversation with the provider regarding the limitations. The evidence does not support the finding that the claimant would be off task or frequently miss work, due to her impairments. This opinion is not supported by explanation as the overall treatment records of this provider do not support the opinion rendered. As noted above, the treatment records indicate that the claimant's condition has largely remained stable. Further, these findings are not consistent with the medical evidence showing that the claimant's chronic pain responded well to pain management or the pulmonary function testing that showed only mild respiratory disease. The claimant's cervical and lumbar MRIs/CTs/xrays have not shown significant dysfunction. No treating physician has ever recommended surgery. This opinion is not consistent with or supported by explanation or the other objective medical records of evidence.

 (Tr. 1160-61.)

Plaintiff argues the ALJ failed to analyze the medical opinions as required by the regulations and law.  But I find the ALJ has fairly considered this evidence and properly rejected it.[1]  The ALJ correctly determined that Dr. Jeffers' opinions were simply not consistent with the

---

[1] 20 C.F.R. § 404.1527(c)(2), the regulation prior to the 2017 amendment, merited the treating physician controlling weight where it "is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2); *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).  Even so, under the former regulation, the United States Court of Appeals for the Eighth Circuit has reiterated:

other objective medical evidence.

Claims filed after March 27, 2017, like Ms. Okvath's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that the ALJ properly evaluated the opinion of Plaintiff's doctor. The ALJ addressed both supportability and consistency factors. Further, the form consisted of conclusory statements rather than findings tied to clinical or

---

[The] ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). "Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

diagnostic data, as it did not reference her own treatment notes or other medical evaluations. *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses"). Thus, the form did not cite any medical evidence nor provide any elaboration on how Dr. Jeffers reached her conclusions. *See id.* So, in accordance with 20 C.F.R. § 404.1520c, the ALJ fully considered all the medical opinions and prior administrative medical findings and evaluated and explained their persuasiveness under the pertinent factors.

Plaintiff has advanced other arguments which I find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 7th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE